ELIZABETHTOWN, LEXINGTON & BIG SANDY R. CO. *v.* CATHERINE RESNITT, ET AL.

**Damages by Independent Contractor.**

> Where the work of constructing a railroad is not a nuisance, and the contractor by his contract to construct is not given the right to trespass on the land of another, the wrongs of the contractor in committing a trespass are not chargeable to the railroad company unless ordered by the company's engineer.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 13, 1879.

OPINION BY JUDGE PRYOR:

The company was in lawful possession of its road bed and the right-of-way granted by the owner of the land. It had the right to enter for the purpose of constructing its road, and to use the road bed so as not to injure the adjacent property. In constructing the road it became necessary to have the work done under contracts, and this part of the road or its construction was turned over by the company, under a contract it had full power to make, to Bibb, Lofter and others, with the right on the part of the latter to go on the company's road bed or the way granted by the owner for the purpose of construction.

The injuries complained of did not necessarily arise from the work that the contractors had undertaken to perform. They had the right to enter. The contract was legitimate. It was guarded so as to protect the rights of all, and the only interest or power the company had over it was to see, by its agents, that the contractor complied with its terms. The work was not a nuisance, nor any right given by the company to the contractor to trespass on appellee's land. The fact that the engineer had the right to direct the deposit of any stone or rock that might be excavated on the side of the road, did not make the company liable for the wrongs of the contractor, unless ordered by the engineer. The road must be completed to the satisfaction of the engineer; still it was an independent contract, and the contractor was the loser if he failed to comply with the terms of his agreement. The company could not well construct its road without making such contracts, and in this case the stipulations are specific, the plan and mode of construction clearly defined, with the right of the contractor to go upon the way and comply with its terms. If this is not an independent contract it would be difficult to make one. It seems to us the company cannot be held liable unless the injury complained of was the result of the directions given by the company's engineer or agent, and this cannot be implied from the contract itself. Judgment *reversed* and cause remanded for a new trial.

*Breckinridge & Shelby, for appellant.*

*Houston & Mulliken, William Lindsay, for appellees.*